# Rigler *versus* Light.

An agreement by the parties thereto, that one of two mortgages executed at the same time, shall be the prior lien, will be enforced as between the parties, although the mortgage postponed was first recorded.

May 12th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, and TRUNKEY, JJ. PAXSON, WOODWARD and STERRETT, JJ., absent.

Appeal from the decree of the Court of Common Pleas of *Perry county :* Of May Term 1879, No 135.

Appeal by George Rigler and Henry Gingrich, administrators of Felix Gingrich, deceased, from the decree of the court making distribution of the proceeds of the sheriff's sale of the real estate of Godlieb Light.

This case involved the distribution of the proceeds of a sheriff's sale of real estate, made upon a mortgage given by Godlieb Light to Felix Gingrich, to secure the payment of the balance of purchase-money due on the land sold under process against him. The wife of said Light also took a mortgage upon the same land from her husband to secure the payment of real estate which she owned, and which was conveyed by her and her husband to Felix Gingrich, in part payment of the real estate sold, and she claimed that

her mortgage, although subsequently entered of record, was entitled to priority of payment.

The case was heard upon petition and answer, the testimony having been taken by an examiner. From the evidence reported by the examiner the court found the following facts:

Felix Gingrich and Godlieb Light, on 21st January 1875, entered into a written agreement by which Gingrich sold a farm of 297 acres, situated in Perry county to Light for $9000; executed a deed on 31st March 1875, and on same day Light executed a mortgage to Gingrich for $4083, for the balance of the purchase-money ; which mortgage was duly recorded in the proper office in said county on the day of its date, and is thus on the face of the record the first lien.

By the written agreement of Gingrich, and executed on the same day (21st January 1875), Light sold to Gingrich 32 acres of land in Swatara township, Lebanon county (where all the parties then resided), for the nominal consideration of $7000, but for the real consideration of $1500, and this was not to be paid in money, but was to be credited on the purchase-money of the farm purchased by Light from Gingrich in Perry county, and this was accordingly done. It is a fact also that these 32 acres were the separate estate of Sarah Light, wife of Godlieb Light.

On the 31st day of March 1875, Light and wife executed a deed to Gingrich for the 32 acres, and Light at the same time, though bearing date 1st April 1875, executed a mortgage to his wife Sarah for $1500, being for the real consideration of the 32 acres conveyed to Gingrich, and which she caused to be entered of record in Perry county on the 19th May 1875, so that it became a lien on the Perry county farm conveyed by Gingrich to Light, but not the first lien, as the mortgage of Gingrich was entered on 31st March 1875.

The mortgage of Light to Gingrich was for purchase-money ($4083), and would be a prior lien if recorded within sixty days; while the mortgage to Sarah Light stands simply as for money loaned to her husband. So that even had her mortgage been entered first, and Gingrich's within sixty days of its date, the latter would still be preferred.

Under proceedings upon the Gingrich mortgage for $4083 the said farm in Perry county was sold at sheriff's sale, as the property of Godlieb Light, for $3400. The court further found, as a fact, that it was agreed between the parties, at the time of the transaction on the 31st of March, that Mrs. Light's mortgage was to be the prior lien. As there were no other creditors to claim the fund, the court held that upon the foregoing facts the mortgage of Mrs. Light should be preferred to that of Gingrich, and so decreed.

From this decree the administrators of Gingrich took this appeal.

[Rigler *v.* Light.]

*Josiah Funck* and *W. A. Sponsler*, for appellants.—The conveyance of her real estate by Mrs. Light and husband to Gingrich, in part payment of the consideration for the land which Gingrich conveyed to Light, instead of so much money handed over by her to him to be applied to a like purpose, can give her no superior equity. Like any other creditor, she can only enforce the security which she took from her husband for the payment of the money value of the property. If that yields her nothing, the law can afford her no additional or extraordinary relief on account of her being the wife of her debtor.

While it is not denied that the record may be inverted, and priority of payment secured to a lien which stands second in the order of time, we insist that the evidence must be clear and positive that this was the agreement of the parties.

*William M. Derr* and *Charles A. Barnett*, for appellee.—A mortgage is in form a conveyance. The object of the recording acts is to provide a means of giving legal notice and protecting subsequent innocent purchasers. But actual notice supplies the want of legal notice. If actual notice of an existing mortgage will postpone the earlier recorded mortgage of a later mortgagee, much more so will an agreement that such mortgage should be later in lien. And there is no difficulty about parol evidence, because it would be a fraud for the earlier lien-creditor to use his lien to defeat a creditor whom he had agreed to prefer: Ayers's Appeal, 4 Casey 179.

The judgment of the Supreme Court was entered, May 26th 1879,

PER CURIAM.—We must give to the finding of the court below upon the question of fact, all the effect which the report of an auditor would have had. To reverse we must convict of palpable error. There was evidence from which the conclusion arrived at might very reasonably be drawn. A witness present testified that Light said in the presence of Gingrich, that his wife must be secured or she wouldn't release or sign off. If a second mortgage only was meant, Gingrich's assent was unnecessary. Something more was intended. His conversation with Rigler subsequently shows that he understood it was to be a first mortgage. No objection has been raised to the decree that the fund was not in court.

> Decree affirmed and appeal dismissed at the costs of the appellant.